UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOE WILLIAMS**<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**ALL WEB LEADS, INC,**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. __5:19-cv-00426__<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b)**<br><br>**CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23(b)** |

### ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Joe Williams brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for All Web Leads, Inc (hereinafter "Defendant" or "AWL"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while his state law claim is asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Texas to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for AWL, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and state law.

1. AWL has enforced a uniform company-wide policy wherein it improperly required its hourly call-center and @home call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay, and to clock out for breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017), *cert. denied sub nom. Am. Future Sys., Inc. v. Acosta*, 138 S. Ct. 2621 (2018).

3. In addition, AWL failed to include commission payments in its calculations of Plaintiff and the Putative Class Members' regular rate(s), thereby creating a miscalculation of Plaintiff and the Putative Class Members' regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

4. AWL's illegal company-wide policies have caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. AWL has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis in the last three years.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Texas state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas state-law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 Texas class be certified as defined herein, and that Plaintiff William designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Joe Williams ("Williams") was employed by AWL in San Antonio, Texas during the relevant time periods. Plaintiff Williams did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by AWL at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Williams worked and was paid.

---

[1] The written consent of Joe Williams is hereby attached as Exhibit "A."

13. The Texas Common-Law Class Members are those current and former hourly call-center employees who were employed by AWL in the State of Texas at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff William worked and was paid.

14. Defendant All Web Leads, Inc ("AWL" or "Defendant") is a foreign for-profit company, licensed to and doing business in Texas, and can be served with process through its registered agent: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over AWL because the cause of action arose within this District as a result of AWL's conduct within this District and Division.

18. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, AWL has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Williams worked in San Antonio, Texas throughout his employment with AWL, all of which are located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21.     AWL employs non-exempt @home call center agents to provide assistance to AWL's clients. AWL sells insurance on behalf of its insurer clients and is headquartered in Austin, Texas.[2]

22.     Plaintiff and the Putative Class Members' job duties consisted of receiving inbound and placing outbound telephone call to potential customers wherein they screened customers for potential insurance sales and/or completed insurance sales with customers.

23.     Plaintiff Williams was employed by AWL in San Antonio, Texas from approximately July 2018 until April 2019.

24.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour and received commissions from sales.

25.     Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

26.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to five hours "off-the-clock" per week and have not been compensated for that time.

27.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for AWL as a result of AWL's uniform corporate policy and practice of paying its employees only while they are logged into their Virtual Protected Network ("VPN") program.

28.     Specifically, Plaintiff and the Putative Class Members are required to start up and log in to their computers before their shift officially starts, and then log in to each AWL program, and ensure that each AWL program is running correctly—all of which can take up to twenty minutes—before they are able to log into their VPN which starts their pay.

---

[2] http://www.allwebleads.com.

29. If Plaintiff and the Putative Class Members do not immediately begin taking calls once logged into the VPN, then they are automatically logged out of the VPN and their pay stops. This means Plaintiff and the Putative Class Members must have all of their programs required to make calls properly running before they log into their VPN, otherwise they will be clocked out while they open and sign into their required programs.

30. In addition, Plaintiff and the Putative Class Members were required to arrive at work early, well in advance in of their scheduled shifts, in order to perform work for AWL.

31. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took twenty minutes or more each time. Plaintiff and the Putative Class Members were not paid for any technical downtime no matter when it occurred during the day.

32. AWL also enforced a uniform company-wide policy wherein it automatically clocked out its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—when their breaks exceeded three (3) minutes. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor*, 873 F.3d at 425.

33. Specifically, the VPN program that clocks Plaintiff and the Putative Class Members in automatically clocks the Plaintiff and Putative Class Members out whenever they are inactive on the dialer system for more than three minutes.

34. Plaintiff and the Putative Class Members were not compensated for work they performed for AWL prior to their scheduled shifts, including their computer start-up time, although they were expected to have completed their computer start up in advance of their official start time.

35. Plaintiff and the Putative Class Members were also not compensated for the time they worked for AWL rebooting AWL's computers after they crashed.

36. Nor were Plaintiff and the Putative Class Members compensated for any break time that exceeded three (3) minutes.

37. In addition, AWL failed to include all commission payments in Plaintiff and the Putative Class Members' regular rates of pay before applying any overtime multipliers, in violation of 29 C.F.R. § 778.117.

38. As a result of AWL's corporate policies and practices of requiring Plaintiff and the Putative Class Members to perform compensable work for AWL, including their start-up and rebooting tasks, and breaks that exceeded three (3) minutes, while off-the-clock, and failing to account for their commission payments in its calculations of Plaintiff and the Putative Class Members' regular rates, Plaintiff and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

39. AWL has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

40. AWL is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but has failed to do so.

41. Because AWL did not pay Plaintiff and the Putative Class Members for all hours worked and did not include all compensation into Plaintiff and the Putative Class Members' regular rate of pay to determine the correct overtime premium to be applied to all hours worked in excess of forty (40) in a workweek, AWL's pay policies and practices violate the FLSA.

42. Because AWL did not pay Plaintiff and the Putative Class Members for all hours they worked, AWL's pay policies and practices also violate Texas state law.

V.
**CAUSES OF ACTION**

**COUNT ONE**
(Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The FLSA Collective is defined as:

**ALL HOURLY NON-EXEMPT CALL-CENTER AND @HOME CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ALL WEB LEADS, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 24, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

45.     At all times hereinafter mentioned, AWL has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.     At all times hereinafter mentioned, AWL has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by AWL, these individuals have provided services for AWL that involved interstate commerce for purposes of the FLSA.

48.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

49. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center and @home call-center employees of AWL who assisted AWL's customers throughout the United States. 29 U.S.C. § 203(j).

50. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

51. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

52. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of AWL.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

53. AWL has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

54. Moreover, AWL knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

55. AWL knew or should have known its pay practices were in violation of the FLSA.

56. AWL is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

57. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted AWL to pay them according to the law.

58. The decisions and practices by AWL to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

59. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **COLLECTIVE ACTION ALLEGATIONS**

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of AWL's employees throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

62. Other similarly situated employees of AWL have been victimized by AWL's patterns, practices, and policies, which are in willful violation of the FLSA.

63. The FLSA Collective Members are defined in Paragraph 44.

64. AWL's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of AWL, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

65. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

66. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

67. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

68. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

69. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and AWL will retain the proceeds of its violations.

70. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

71. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.   VIOLATIONS OF TEXAS COMMON LAW**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Plaintiff Williams further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

74. The Texas Common-Law Class is defined as:

**ALL HOURLY CALL-CENTER AND @HOME CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ALL WEB LEADS, INC. IN TEXAS, AT ANY TIME FROM APRIL 24, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

75. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of AWL. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

76. The Texas Common-Law Class Members provided valuable services for AWL, at AWL's direction and with AWL's acquiescence.

77. AWL accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to AWL's policies and adherence to AWL's schedule.

78. AWL was aware that Plaintiff Williams and the Texas Common-Law Class Members expected to be compensated for the services they provided to AWL.

79. AWL has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS COMMON-LAW CLASS ALLEGATIONS**

80. Plaintiff Williams brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by AWL to work in Texas since April 24, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

81. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

82. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

83. Plaintiff Williams is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

84. Plaintiff Williams and his counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

85. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

86. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 74.

## VI.
## RELIEF SOUGHT

109. Plaintiff respectfully prays for judgment against AWL as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring AWL to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to section 16(b) of the FLSA finding AWL liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

        d.        For an Order certifying the Texas common law class as defined in Paragraph 74 and designating Plaintiff Williams as the Class Representative of the Texas Common-Law Class;

        e.        For an Order pursuant to Texas common law awarding Plaintiff Williams and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

        f.        For an Order awarding the costs and expenses of this action;

        g.        For an Order awarding attorneys' fees;

        h.        For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

        i.        For an Order awarding Plaintiff Williams a service award as permitted by law;

        j.        For an Order compelling the accounting of the books and records of AWL, at AWL's expense; and

        k.        For an Order granting such other and further relief as may be necessary and appropriate.

Date:   April 24, 2019                        Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiff and the Putative Class Members**